TRINETTE G. KENT (State Bar No. 222020)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Deborah Aldridge*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deborah Aldridge, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Grant and Weber, Inc., a Nevada corporation. | **JURY TRIAL DEMAND** |
| Defendant. | |

1

NOW COMES THE PLAINTIFF, DEBORAH ALDRIDGE, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This is an action brought against debt collector for violations of the Fair Debt Collection Practices Act (15 U.S.C. §1692, *et seq.* [hereinafter "FDCPA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Fairfield, Solano County, California.

4. Venue is proper in the Eastern District of California, Sacramento Division.

## PARTIES

5. The Defendant to this lawsuit is Grant and Weber, Inc. ("Grant and Weber"), which is a Nevada corporation that maintains a registered agent in Los Angeles County, California.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Northbay Medical Center with account number 9301360002278249 ("the Debt").

7. Mrs. Aldridge never made a payment on the alleged debt.

8. On or about August 30, 2016, Mrs. Aldridge obtained her Experian credit file and noticed that Defendant reported the alleged medical Debt. Defendant reported that the original limit/original amount of the alleged Debt was $100.00; however it reported that she owed it a balance of $128.00. This is a violation of the FDCPA in that Defendant charged Ms. Aldridge an amount that is not expressly authorized by the agreement creating debt or permitted by law.

9. On or about September 13, 2016, Mrs. Aldridge sent Defendant a letter, stating that she disputed the alleged debt.

10. On or about December 16, 2016, Mrs. Aldridge obtained her Experian credit file. This showed that the balance of the alleged Debt went up and that Mrs. Aldridge now owed Defendant $131.00.

11. As a result of Defendant's actions, Mrs. Aldridge has suffered damages.

## COUNT I-VIOLATION OF

## THE FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates the preceding allegations by reference.

13. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

14. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

15. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

16. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount, or legal status of any debt.  Defendant did this when it reported a balance higher than the original amount on Mrs. Aldridge's Experian credit file therefore misrepresenting the amount of the Debt;

   b. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt.  Defendant did this when it reported a balance higher than the original amount on Mrs. Aldridge's Experian credit file, therefore using deceptive means to collect more than what is owed; and

   c. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law. Defendant did this when it reported a balance higher than the original

amount of the alleged Debt on Mrs. Aldridge's Experian credit file that she does not owe.

17. The Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: February 21, 2017

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                   KENT LAW OFFICES

                      By:   */s/  Trinette G. Kent*
                     Trinette G. Kent
                     Attorneys for Plaintiff,
                     Deborah Aldridge